UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NESTOR QUINTANA,<br><br>                Petitioner,<br>    v.<br>STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No. 2:22-cv-00947-MMD-NJK<br><br>ORDER |

Petitioner Nestor Quintana, a *pro se* Nevada inmate, commenced this habeas action by filing a petition for writ of habeas corpus. (ECF No. 1-1.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Quintana's motion for appointment of counsel. (ECF No. 1-2.)

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Quintana challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Quintana*, Case No. C-17-322311-1.[2] On February 3, 2020, the state court entered a judgment of conviction for two counts of lewdness with a child under the age of 14 and sentenced Quintana to

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

consecutive terms of life with the possibility of parole ater 10 years. The Nevada Supreme Court affirmed the conviction.

Although Quintana indicates that he filed a state petition for writ of habeas corpus, he does not provide any further information and the Court has not been able to locate online docket records relating to his state petition. (ECF No. 1-1 at 1.) On June 10, 2022, Quintana mailed or handed to a correctional officer for the purpose of filing his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3, 5.)

Turning to Quintana's motion for appointment of counsel (ECF No. 1-2) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Quintana is serving lengthy consecutive sentences of life without the possibility of parole. His petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Quintana's motion for appointment of counsel is granted.

It is therefore ordered that Petitioner Nestor Quintana's motion for appointment of Counsel (ECF No. 1-2) is granted.

It is further ordered that The Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Quintana

or to indicate the FPD's inability to represent Quintana in these proceedings. If the FPD is unable to represent Quintana, the Court will appoint alternate counsel. The counsel appointed will represent Quintana in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Quintana at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to file Quintana's petition for writ of habeas corpus (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to Quintana, the Nevada Attorney General, the FPD, and the CJA Coordinator for this division.

DATED THIS 27th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE