UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NESTOR QUINTANA,<br><br>        Petitioner,<br>  v.<br><br>STATE OF NEVADA, *et al.*,<br>        Respondents. | Case No. 2:22-cv-00947-MMD-NJK<br><br>ORDER |

   In this habeas corpus action, the Court appointed counsel for Petitioner Nestor Quintana. (ECF No. 6.) The Federal Public Defender for the District of Nevada appeared on Quintana's behalf on August 26, 2022. (ECF No. 9.) Respondents have also appeared. (ECF No. 8.) It is therefore ordered that the following will govern further proceedings in this action.

   If necessary, Quintana must file an amended petition for writ of habeas corpus within 60 days after entry of this Order. The amended petition must specifically state whether each ground for relief has been exhausted in state court. For each claim that has been exhausted in state court, the amended petition must state how, when, and where the claim was exhausted. If Quintana determines an amended petition need not be filed, then, within 60 days after entry of this Order, Quintana must file a notice to that effect.

   Respondents will have 60 days following the filing of the amended petition to file an answer or other response to the amended petition. If Quintana does not file an amended petition, Respondents will have 60 days following the due date for the amended petition to file an answer or other response to the original petition. In any answer filed on the merits, Respondents will specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

Quintana will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

If Respondents file a motion to dismiss, Quintana will have 60 days following the filing of the motion to dismiss to file a response to that motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

If Quintana wishes to move for leave to conduct discovery, Quintana must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Quintana before that time may be considered premature and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Quintana's reply. Thereafter, Quintana will have 20 days to file a reply in support of the motion for leave to conduct discovery.

If Quintana wishes to request an evidentiary hearing, Quintana must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Quintana before that time may be considered premature and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court and, if so, state where the transcript is located in the record. If Quintana files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Quintana's reply. Thereafter, Quintana will have 20 days to file a reply in support of the motion for an evidentiary hearing.

All procedural defenses raised by Respondents, including exhaustion, must be

raised in a single consolidated motion to dismiss. I do not wish to address any procedural defenses in seriatim fashion in multiple successive motions to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents may not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

The parties must redact personal-data identifiers in all documents filed with the Court as required by LR IC 6-1. Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and be filed with a separate index of exhibits identifying the exhibits by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—*i.e.*, the index— to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). Paper copies of any exhibits over 50 pages—for this case—must be appropriately bound, tabbed, and delivered to the Las Vegas Clerk's Office. *See* LR IA 10-3(i); LR IC 2-2(g). Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

DATED THIS 6th Day of September 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE