UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NESTOR QUINTANA, | Case No. 2:22-cv-00947-MMD-NJK |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Nestor Quintana filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF Nos. 1-1, 7 ("Petition")). He now seeks a stay of this action while he pursues initial state postconviction review proceedings, and for leave to file a second amended petition upon reopening of this action (ECF Nos. 15, 14 ("Motions")). Respondents do not oppose the Motions provided their lack of objection is not construed as a waiver of any procedural defenses to the petition. (ECF No. 16.) For the reasons discussed below, and good cause appearing, the Court grants the Motions.

Quintana's petition challenges his confinement under a February 3, 2020, judgment of conviction and sentence imposed by the Eighth Judicial District Court for Clark County. (ECF No. 13-2.) The Nevada Supreme Court affirmed Quintana's convictions, denied rehearing, and issued a remittitur on August 9, 2021. (ECF Nos. 13-6, 13-8, 13-10, 13-11.) On June 14, 2022, Quintana filed the petition in this action. (ECF Nos. 1-1, 7.) On August 5, 2022, Quintana filed an initial state postconviction review petition for writ of habeas corpus. (ECF No. 13-12.) Quintana subsequently filed a first amended protective petition in this action. (ECF No. 12.) Quintana now moves for stay of this action because, *inter alia*, he is entitled to tolling during his initial state postconviction review proceeding and his limitations period under 28 U.S.C. § 2244(d) has not yet expired. (ECF Nos. 14, 15.)

1    A state prisoner must file a federal habeas petition within one year of the date upon

2   which his state conviction becomes final. 28 U.S.C. § 2244(d)(1). "The time during which

3   a properly filed application for State post-conviction or other collateral review with respect

4   to the pertinent judgment or claim is pending shall not be counted toward any period of

5   limitation" under that subsection. *Id.* § 2244(d)(2).

6    A petitioner may seek to avoid the predicament of discovering, after months or

7   years of litigating in state court, that his state actions were never properly filed and thus

8   his federal habeas petition is time-barred, "by filing a 'protective' petition in federal court

9   and asking the federal court to stay and abey the federal habeas proceedings until state

10   remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*

11   *v. Weber*, 544 U.S. 269, 278 (2005)). Under *Rhines,* a "stay and abeyance" is available

12   only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims

13   are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory

14   litigation tactics. 544 U.S. at 277-78. "In such a case, the petitioner's interest in obtaining

15   federal review of his claims outweighs the competing interests in finality and speedy

16   resolution of federal petitions." *Id.* The *Rhines* "good cause" standard does not require

17   "extraordinary circumstances"; however, stays of mixed petitions should be granted in

18   "limited circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008)

19   (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). For example, "[a]

20   petitioner's reasonable confusion about whether a state filing would be timely will

21   ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416;

22   *see also, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006) (concluding

23   "good cause" requires a petitioner "to show that he was prevented from raising the claim,

24   either by his own ignorance or confusion about the law or the status of his case, or by

25   circumstances over which he had little or no control . . .").

26    The Court finds good cause to grant the unopposed Motions under *Rhines*. The

27   limitations period under 28 U.S.C. § 2244(d) is unexpired, and Quintana is entitled to

28   pursue his initial state postconviction review proceedings. Quintana has shown good

1    cause for his failure to first seek state postconviction review to exhaust his claims in state

2    court before filing the petition by indicating he does not understand the process and was

3    unaware he could file a state postconviction petition. (ECF No. 1-1 at 3.) Quintana has

4    not engaged in dilatory litigation tactics as he filed the petition within one year of the

5    conclusion of his direct appeal. Although the Court cannot determine whether the

6    unexhausted claims raised in his first amended petition, which are raised in the state

7    postconviction proceedings, are "plainly meritless," there is no objection to the stay of this

8    action on that basis.

9         It is therefore ordered that Quintana's motion to stay (ECF No. 15) is granted

10    without prejudice to Respondents' rights to raise any procedural defenses to this action

11    should this action reopen later.

12        It is further ordered that Quintana's motion for leave to file a second amended

13    petition upon the reopening of this action (ECF No. 14) is granted.

14        It is further ordered that this action is stayed pending final resolution of Quintana's

15    state postconviction habeas proceedings.

16        It is further ordered that the grant of a stay is conditioned upon Quintana returning

17    to federal court with a motion to reopen the case within 45 days of the issuance of the

18    remittitur by the Supreme Court of Nevada at the conclusion of the initial state

19    postconviction habeas proceedings.

20        It is further ordered that Quintana will have 14 days following the entry of an order

21    reopening this action within which to file a second amended petition after which the parties

22    will adhere to the scheduling order dated September 6, 2022 (ECF No. 10).

23        The Clerk of Court is directed to administratively close this action until the Court

24    grants a motion to reopen this action.

25        DATED THIS 21st Day of October 2022.

26

27    _____

28    MIRANDA M. DU
      CHIEF UNITED STATES DISTRICT JUDGE

3