UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NESTOR QUINTANA,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 2:22-cv-00947-MMD-NJK

ORDER

**I. SUMMARY**

This habeas action is brought by Petitioner Nestor Quintana under 22 U.S.C. § 2254. Quintana now moves to stay this case to exhaust new claims of ineffective assistance of counsel and assertions of actual innocence. (ECF No. 35.) In addition, Respondents have filed a Motion to Dismiss (ECF No. 33) and Quintana filed a Motion to Vacate the Deadline to oppose Respondents' Motion to Dismiss (ECF No. 37).[1] For the reasons discussed below, the Court grants Quintana's Motion to Stay and Motion to Vacate Deadline and denies Respondents' Motion to Dismiss without prejudice to Respondents filing a renewed motion to dismiss.

**II. BACKGROUND**

Quintana challenges a 2020 state court conviction for two counts of lewdness with a child under the age of fourteen. Following appointment of counsel, Quintana filed a First Amended Petition. (ECF Nos. 6, 12.) In October 2022, the Court granted Quintana's Motion to Stay case pending exhaustion of his unexhausted claims. (ECF No. 17.) The Court granted Quintana's requests to reopen this action and to file a second amended petition. (ECF Nos. 17, 20, 21.)

---

[1]Respondents filed Motions to Extend Time to file their responses to the Second Amended Petition as well as their responses to Quintana's Motion to Stay and Motion to Vacate Deadline (ECF Nos. 27, 28, 38, 39), which the Court grants *nunc pro tunc*.

Respondents move to dismiss certain claims as unexhausted and/or not cognizable in federal habeas. (ECF No. 33.) Quintana now moves to stay the case to exhaust new claims of ineffective assistance of counsel and actual innocence in state district court. (ECF No. 35.) Respondents oppose, arguing that ineffective assistance of post-conviction counsel and Quintana's alleged new evidence in support of actual innocence does not justify a stay. (ECF No. 40.) In addition, they argue that Quintana engaged in dilatory tactics because he waited seven months to file his second state habeas petition.

## III. DISCUSSION

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to

encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Courts in this district have declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* For example, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

The Court finds that Quintana has established good cause for a stay and abeyance of this proceeding as he has a colorable actual innocence argument he can make to the state courts to overcome the procedural bars of his unexhausted claims. The Court is unable to conclude that all of his claims are plainly meritless without conducting a merits analysis, including review of the trial transcripts and alleged new evidence. Accordingly, it is not perfectly clear whether Quintana has no hope of prevailing on at least one of his claims. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'") The Court finds that there is no indication that Quintana has intentionally engaged in dilatory litigation tactics as he asserts it was impractical to file a second state habeas petition before knowing all of the federal claims to exhaust. Accordingly, the Court grants Quintana's Motion to stay these proceedings while he litigates his claims in state district court.

The Court also grants Quintana's Motion to Vacate Deadline to oppose Respondents' Motion to Dismiss. In addition, the Court denies Respondents' Motion to Dismiss without prejudice to Respondents reasserting any and all defenses then applicable in a renewed motion to dismiss, following upon a scheduling order directing a response.

## IV. CONCLUSION

It is therefore ordered that Petitioner Nestor Quintana's Motion to Stay (ECF No. 35) is granted.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 33) is denied without prejudice to Respondents reasserting any and all defenses then applicable in a renewed motion to dismiss.

It is further ordered that Petitioner's Motion to Vacate Deadline (ECF No. 37) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the Second Amended Petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if the same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada appellate court at the conclusion of all state court proceedings.

It is further ordered that the Clerk of Court is directed to administratively close this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

It is further ordered that Respondents' Motions to Extend Time (ECF No. 27, 28, 38, 39) are granted *nunc pro tunc*.

DATED THIS 8th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE